## THE RAUH REALTY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32822.    Promulgated June 19, 1931.

*Frank C. Olive, Esq.*, and *George S. Olive, C. P. A.*, for the petitioner.

*James L. Backstrom, Esq.*, for the respondent.

822

**OPINION.**

LOVE: As previously stated, the only issue involved in this proceeding is whether petitioner sustained a loss upon the exchange of

three pieces of real estate acquired after March 1, 1913, having a net depreciated cost of $40,780.77, and $14,000 in cash for all the common stock of the Fishback Realty Company and a leasehold of the Fishback property.

Section 202 (a) of the Revenue Act of 1926, provides:

Except as hereinafter provided in this section, the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the basis provided in subdivision (a) or (b) of section 204, and the *loss* shall be the excess of such *basis* over the *amount realized*. [Italics supplied.]

The *basis* provided in subdivision (a) of section 204 as diminished by the deductions provided for in section 202 (b)(2) is the amount of $54,780.77, upon which the parties hereto are agreed.

Section 202 (c) provides:

The *amount realized* from the sale or other disposition of property shall be the sum of any money received plus the *fair market value* of the *property* (other than money) *received*. [Italics supplied.]

The question thus narrows itself to what was the "fair market value" within the meaning of that term as used in section 202 (c), *supra*, on December 17, 1925, of (1) the common stock of the Fishback Realty Company, and (2) the leasehold which were the properties "(other than money) received."

With respect to the fair market value of the stock, there were no sales either prior to or subsequent to December 17, 1925, the date in question. Neither were there any offers therefor. Under such circumstances, the rule most generally applied is to determine the fair market value of the assets behind the stock. The only asset owned by the Fishback Realty Company was the Fishback property. As far as the fair market value of the stock is concerned, the question is, therefore, finally narrowed to the determination of the fair market value of the Fishback property on December 17, 1925. In this connection we are satisfied from the testimony of three well qualified and experienced real estate men, who had been engaged in the real estate business in Indianapolis for from 30 to 47 years, that the fair market value of the Fishback property on December 17, 1925, was $109,200, allocated $73,500 to the preferred stock, and $35,700 to the common stock. We, therefore, find that the fair market value of the common stock of the Fishback Realty Company received by petitioner on December 17, 1925, was $35,700.

It does not follow from the above finding that petitioner is entitled to the loss as claimed. The burden was upon it to also establish the fair market value of the leasehold which was a part of "the property (other than money) received." See sections 202 (a) and 202 (c), *supra*, and *Avery* v. *Commissioner*, 22 Fed. (2d) 6. That a leasehold is *property* is not open to question. *Anna Taylor*, 3

B. T. A. 1201, and cases therein cited. At the time of the exchange here in question, the leasehold between the Fishback Realty Company as lessor and the Fishback Company as lessee, had over six years yet to run.

Petitioner owned the land directly adjoining the Fishback property both on the north and on the south. By reason of this ownership, the Fishback property was worth twice as much to petitioner as to anyone else for the reason that it could, in petitioner's hands, be used as switch property. Petitioner, therefore, desired to obtain the use of the Fishback property. If it had only acquired the common stock of the Fishback Realty Company, it could not have used the Fishback property until after the expiration of the then existing leasehold which ran until May 10, 1932. It was, therefore, necessary for petitioner to also acquire the leasehold, which it did by exchanging for (1) the common stock of the Fishback Realty Company and (2) the leasehold, the amount of $14,000 in cash and three pieces of real estate that had previously cost petitioner in 1919, 1924 and 1925, a total of $41,041.02. No evidence was offered, other than the original cost, as to the value on December 17, 1925, of the three pieces of property given in exchange. Upon this state of the record, we can not assume that the leasehold in question on December 17, 1925, had no fair market value.

The statute is specific as to the necessary facts which must be proven in order to establish a loss. Section 202 (a) provides that " the loss shall be the *excess* of such *basis* over the *amount realized.*" The parties are agreed that the " basis " here is $54,780.77. Section 202 (c) provides that " The amount realized * * * shall be * * * the fair market value of the property (other than money) received." The property received was the stock *and the leasehold.* We have found the fair market value of the stock to be $35,700, but are unable from the record to determine the fair market value of the leasehold. The burden was upon petitioner to establish this value, if any, and having failed to do so, we must sustain the respondent's determination.

*Judgment will be entered for the respondent.*